NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY
California Bar No. 73493
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: brent.whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>$599,600.00 IN U.S. CURRENCY,<br><br>      Defendant.<br><br>NICHOLAS BEUGG,<br><br>      Claimant. | No. 2:19-cv-00088-JLS (AFMx)<br><br>**STIPULATION AND REQUEST TO VACATE STAY IN THE CIVIL FORFEITURE CASE; [PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH** |

     Plaintiff United States of America ("the government") and claimant Nicholas Beugg ("claimant"), by the signatures of their attorneys hereunder, stipulate and request that the stay in this action be vacated and that this case be restored to the Court's

active caseload. This stipulation and request is made on the following grounds:

    1. The civil forfeiture action was commenced on January 4, 2019. The government alleges that the defendant $599,600.00 in U.S. Currency (the "defendant currency"), seized on August 23, 2017 during a traffic stop, is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents or is traceable to the proceeds of one or more violation of Title 21, United States Code, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 *et. seq*.

    2. On May 3, 2019, the claimant filed a claim for return of the defendant currency. Dkt. 16.

    3. On May 21, 2019, this action was stayed pursuant to 18 U.S.C. § 981(g), the stipulation of the parties, and for good cause, pending the conclusion of a related criminal investigation. The government represented that the criminal investigation and the civil forfeiture litigation arose from the same facts and would involve many of the same issues of fact and law. Dkt. 22.

    4. The government represents that the criminal investigation has concluded.

    5. As the criminal investigation has concluded, there is no need to extend the stay in this matter. Accordingly, the parties respectfully request that the Court lift the stay in this civil forfeiture action.

    6. When this civil forfeiture case was stayed claimant had filed a claim to the defendant currency (dkt. 16) but claimant had not filed an answer nor a Fed. R. Civ. P. 12 motion in response to

the complaint.  Pursuant to Supplemental Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a claimant must file an answer or a Fed. R. Civ. P. 12 motion in response to the complaint within 21 days after filing a claim.  Accordingly, the government requests that the Court enter the order, lodged concurrently herewith, lifting the stay of this action and requiring claimant to file his answer or a Fed. R. Civ. P. 12 motion within 21 days after the order lifting stay is filed.

Dated:  February 25, 2020     Respectfully Submitted

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

          /s/ Brent A. Whittlesey
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated:  February 24, 2020     LAW OFFICE OF ERIC HONIG

             /s/ Eric Honig
ERIC HONIG, Esq.

Attorney for Claimant
NICHOLAS BEUGG